FILED
ASHEVILLE, NC
AUG 0 6 2018
U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

DOCKET NO. 1:18CR73-2

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> RUSSELL MONROE DUNN, JR. ) | **CONSENT ORDER AND** <br> **JUDGMENT OF FORFEITURE** |

WHEREAS, the defendant, RUSSELL MONROE DUNN, JR., has entered into a plea agreement (incorporated by reference herein) with the United States and has voluntarily pleaded guilty pursuant to Fed. R. Crim. P. 11 to one or more criminal offenses under which forfeiture may be ordered;

WHEREAS, the defendant and the United States stipulate and agree that the property described below constitutes property derived from or traceable to proceeds of the defendant's offense(s) herein; property involved in the offenses, or any property traceable to such property; and/or property used in any manner to facilitate the commission of such offense(s); or substitute property as defined by 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e); and is therefore subject to forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), provided, however, that such forfeiture is subject to any and all third party claims and interests, pending final adjudication herein; the defendant waives his interest, if any, in the property and agrees to the forfeiture of such interest;

WHEREAS, the defendant herein waives the requirements of Fed. R. Crim. P. 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant;

WHEREAS, pursuant to Fed. R. Crim. P. 32.2(b)(1) & (c)(2), the Court finds that there is the requisite nexus between the property and the offense(s) to which the defendant has pleaded guilty;

1

WHEREAS, the defendant withdraws any claim previously submitted in response to an administrative forfeiture or civil forfeiture proceeding concerning any of the property described below. If the defendant has not previously submitted such a claim, the defendant hereby waives all right to do so. If any administrative forfeiture or civil forfeiture proceeding concerning any of the property described below has previously been stayed, the defendant hereby consents to a lifting of the stay and consents to forfeiture;

WHEREAS, the undersigned United States Magistrate Judge is authorized to enter this Order by the previous Order of this Court No. 3:05MC302-C (September 8, 2005);

NOW, THEREFORE, IT IS HEREBY ORDERED THAT the **following property** is forfeited to the United States:

- **H&R 732, .32 caliber revolver, SN: AM109888;**
- **Ruger LCP, .380 caliber pistol, SN: 372-021084;**
- **North American Arms, .22 caliber derringer, SN: E148480;**
- **Smith & Wesson 34-1, .22 caliber revolver, SN: M129925;**
- **Charter Arms Undercover .38, .38 caliber revolver, SN: 373687;**
- **Seven (7) rounds of .32 caliber RP ammunition;**
- **Two (2) rounds of .380 caliber Winchester ammunition;**
- **One (1) round of .380 caliber RP ammunition;**
- **Three (3) rounds of .380 caliber Corbon ammunition;**
- **Eleven (11) rounds of .22 caliber Remington ammunition; and**
- **Five (5) rounds of .38 Special caliber Remington ammunition.**

The United States Marshal and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above-described tangible property.

If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of this forfeiture.

As to any firearms and/or ammunition listed above and/or in the charging instrument, defendant consents to disposal by federal, state, or local law enforcement authorities upon such legal process as they, in their sole discretion, deem to be legally sufficient, and waives any and all right to further notice of such process or such destruction.

Any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest.

Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this Order of Forfeiture, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of the property, including depositions, interrogatories, requests for production of documents and to issue subpoenas, pursuant to Fed. R. Civ. P. 45.

Following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered, as provided by Fed. R. Crim. P. 32.2(c)(2). If no third party files a timely petition, this order shall become the final order and judgment of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property and shall dispose of the property according to law. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), the defendant consents that this order shall be final as to defendant upon filing.

SO AGREED:

*[signature]*

THOMAS M. KENT
Assistant United States Attorney

*[signature]*

RUSSELL MONROE DUNN, JR.
Defendant

*[signature]*

FREDILYN SISON
Attorney for Defendant

Signed: August 6th, 2018

*[signature]*

DENNIS L. HOWELL
United States Magistrate Judge
Western District of North Carolina